IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAYLOR CRISMAN, ) | CASE NO.: 1:15-CR-00461 |
| ) | 1:20-CV-01633 |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

This matter comes before the Court upon Taylor Crisman's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #102) and the Government's Motion to Dismiss that petition. (ECF #104). Petitioner filed an Opposition to the Government's motion (ECF #105) and the Government filed an Opposition to Mr. Crisman's petition. (ECF #106). For the reasons set forth herein, the Government's Motion to Dismiss Petitioner's Motion to Vacate is GRANTED and Petitioner's Motion to Vacate, Set Aside or Correct Sentence must be DISMISSED.

On December 29, 2015, Petitioner Crisman was indicted by the Federal Grand Jury in a twelve count Indictment for: 1 Count of Armed Bank Robbery, 4 Counts of Kidnapping, 1 Count of Possession of Ransom Money, 4 Counts of Hostage Taking, and 1 Count of Possession of a Firearm in Furtherance of a Violent Crime. (ECF #9). On November 20, 2016, Petitioner pled guilty to Counts 1-11 of the Indictment. (ECF #33). Petitioner was sentenced on February 30, 2017 to 300 months as to Count 1; 360 months as to Counts 2, 3, 4 and 5; 120 months as to Count 6; 360 months as to Counts 7-10 all to run concurrent; and 84 months as to Count 11 to run

consecutive. The Court imposed a total sentence of 444 months imprisonment and 5 years Supervised Release. (ECF #56).

Petitioner appealed the judgment, and the Sixth Circuit Court of Appeals affirmed his conviction and sentence on November 7, 2017. On September 17, 2018, Mr. Crisman requested an additional 120 days to file his § 2255 petition, which the Court granted on September 21, 2018. (ECF #85). Petitioner was granted two additional extensions on July 17, 2019 and on September 26, 2019, wherein the Court ordered that no further extensions would be allowed. (ECF #98). On April 9, 2020, Mr. Crisman filed a motion for an additional 90 days to file his petition, which this Court denied. (ECF #100). Petitioner filed the instant § 2255 Motion to Vacate on July 22, 2020. (ECF #102).

As explained in greater detail in the Government's Motion to Dismiss (ECF #104), Mr. Crisman's petition for relief is untimely. Defendants are required to file § 2255 petitions within one year of the finalization of their conviction. The United States Supreme Court has held that, "for the purpose of starting the clock on a § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 123 (2003). The Sixth Circuit Court of Appeals affirmed Mr. Crisman's conviction on November 2, 2017. Pursuant to Rule 13 of the Supreme Court of the United States, a petition for certiorari must be filed within 90 days of the appellate Court's judgment. Mr. Crisman did not file a petition, and so the judgment of his conviction became final on January 31, 2018. Pursuant to the language of 28 U.S.C. § 2255(f)(1), the one-year limitation within which Petitioner had to file a petition expired on January 31, 2019. Accordingly, the Court takes note that even with the extensions, Mr.

Crisman's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is untimely. The Court also addresses the merits of the petition as follows.

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also, United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

In his § 2255 petition, Mr. Crisman alleges a claim of ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment." *Id.*

Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Further, in the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

Mr. Crisman cannot support his claim of ineffective assistance of counsel. Petitioner alleges that his attorney, Mr. Whitney, failed to provide effective counsel because he did not advise Mr. Crisman that the Kidnapping counts of his Indictment (Counts 4 and 5) carried a mandatory minimum sentence of incarceration of 25 years. (ECF #102). Petitioner further alleges that if he had been aware of the mandatory minimum sentence, he would have accepted a plea offer that included a joint recommendation for a 25-year sentence, which he rejected. Petitioner instead chose to enter a Plea Agreement, under which he agreed to the guideline calculation, but was permitted to argue for a sentence he believed was appropriate. (ECF #33).

Mr. Crisman's ineffective assistance of counsel claim is without merit because it relies on an incorrect legal conclusion. As outlined in Petitioner's Plea Agreement, the charges at issue, 18 U.S.C. § 1201(a)(1), carry statutory penalties including a maximum of life imprisonment, but no mandatory minimum. (ECF #33). Accordingly, Mr. Whitney could not have advised Petitioner as to a mandatory minimum not applicable to his client's case. Further, as evidenced in the Government's Sentencing Memorandum and Defendant's Motion for Downward Departure/Variance for Role and Conduct, Petitioner unsuccessfully argued for a lower sentence after entering into his Plea Agreement. (ECF #50). In order to prevail, Mr. Crisman would have to show that Mr. Whitney's strategy, including a guilty plea, was objectively unreasonable. In

Petitioner's case, there is no evidence to support a finding that counsel's performance fell below the objective standard of reasonableness.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the

petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, as well as those set forth in greater detail in the Government's briefings, the Court concludes that Mr. Crisman has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, the Government's Motion to Dismiss (ECF #104) is GRANTED and Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #102) must be DISMISSED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: January 27, 2021